UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



*******************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 10-40001 |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| vs. | * | AND ORDER |
| KEVIN CLENT HOUSTON, | * | |
| Defendant. | * | |

*******************************************************************

Pending before the Court is the Defendant's Motion to Suppress All Digital and Physical Evidence, Doc. 23, and the Magistrate Judge's Report and Recommendation, Doc. 37. Defendant has filed Objections, Doc. 38, to the Report and Recommendation.

The primary facts in support of Search Warrant #1 in South Dakota were the statements of a now 12 year old girl, ESL, that Mr. Houston, her uncle, had unlawful sexual contact with her on at least two occasions when she was 4 or 5. Mr. Houston acknowledged that contact in his 2009 email. In addition, ESL, when about 5 or 6 years old, saw Mr. Houston "looking at naked boys' and girls' butts" on ESL's family computer. This was reported at the time by ESL to her mother who checked the computer's history function later and observed a website that contained "some pictures of questionable age and sexual contact." In addition, Mr. Houston was a computer consultant at least at the time of the warrant application.

Corroborating email correspondence on Mr. Houston's computer of the sexual contact is not the only evidence reasonably to be searched for on the basis of the South Dakota Affidavit in Support of Request for Search Warrant. For example, even though not remembered, visual images of various kinds of ESL could have been transmitted to Mr. Houston's computer. Mr. Houston could have

taken pictures at the time of the alleged sexual acts and placed those on his computer. If so, Mr. Houston could even have been trading or selling such images. Aside from those additional possibilities from the known facts, the known facts by themselves established probable cause for the breadth of the Search Warrant #1 issued in South Dakota. The Court does agree with the Defendant that Search #1 is not an academic issue.

> The Eighth Circuit in *United States v. Colbert*, 605 F.3d 573 (8th Cir. 2010) stated:
>
> . . . to the extent that *Hodson* and *Falso* suggest that evidence of a defendant's tendency to sexually abuse or exploit children is irrelevant to the probable cause analysis, we respectfully disagree. Both courts based their conclusions on a categorical distinction between possession of child pornography and other types of sexual exploitation of children. But that distinction seems to be in tension both with common experience and a fluid, non-technical conception of probable cause. *See Gates*, 462 U.S. at 230-32, 103 S.Ct. 2317. Evidence adduced to support probable cause must be "weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." *Id.* At 232, 103 S.Ct. 2317 (internal quotation omitted). The probable cause analysis is "not readily, or even usefully, reduced to a neat set of legal rules." *Id.*
>
> There is an intuitive relationship between acts such as child molestation or enticement and possession of child pornography. Child pornography is in many cases simply an electronic record of child molestation. Computers and internet connections have been characterized elsewhere as tools of the trade for those who sexually prey on children.

So, a categorical distinction between the possession of child pornography and other types of sexual exploitation of children is not accepted in the Eighth Circuit. However, whatever intuitive relationship there is between acts such as child molestation or enticement and possession of child pornography will not in every instance support probable cause for a search for child pornography. As in *Corbet*, there must be an examination of the facts presented for the search warrant.

There appears to be a limited amount of literature on the issue of the relationship between possession of child pornography and child molestation. Diminishing the weight to be given scholars in determining probable cause is understood, but ignoring professionals in a field other than persons in law enforcement is problematic. Law enforcement brings sound experience and judgment and

2

specific facts to the courts for authorization for search warrants. That probable cause claim by law enforcement is not, however, enhanced by a litany such as the 23 paragraphs recited in the application for Search #2 in Wisconsin. The recitation appears to be made for all situations and is not case specific. Likewise, the case studies by psychologists and others in the field of aberrant sexual practices cannot form a sole basis nor can it form any set of rules for probable cause determinations for child pornography search warrants.

Aside from the question of its use for probable cause, peer reviewed literature concerning child pornography and its relationship to child molestation would be helpful to sentencing courts given the enhanced possibility of the great wrong and harm of child molestation, although as *Colbert* observed, child pornography often is the recordation and publication of child molestation.[1]

---

[1] *The Criminal Histories and Later Offending of Child Pornography Offenders,* Seto and Eke, Center for Addiction and Mental Health, and University of Toronto, Canada and Behavioural Sciences Section Research Unit, Ontario Provincial Police, and York University, Canada, respectively, SEXUAL ABUSE: A JOURNAL OF RESEARCH AND TREATMENT, Vol. 17, No. 2, 201-10 (April 2005).

*Child Pornography Offenses Are A Valid Diagnostic Indicator of Pedophelia*, Seto, Cantor and Blanchard, Center for Addiction and Mental Health, Toronto, Ontario, Canada and Seto and Blanchard both also University of Toronto. JOURNAL OF ABNORMAL PSYCHOLOGY, Vol. 115, No. 3, 610-615. "The results suggest child pornography offending is a stronger diagnostic indicator of pedophilia than is sexually offending against child victims." (2006).

*The 'Butner Study' Redux: A Report of the Incidence of Hands-on Child Victimization by Child Pornography Offenders*, Bourke, Hernandez, JOURNAL OF FAMILY VIOLENCE, 24(3), 183-191 (2009).

*Characteristics of Internet Child Pornography Offenders: A Comparison with Child Molesters*, Webb, Craissati and Keen, Sex Abuse, 19:449-465 (2007) "The socio-affective characteristics of internet offenders and child molesters look similar, but the antisocial variables, such as, 'acting out' and breaking social rules underlines their difference. The follow up research was carried out after a short period of time at risk – averaging 18 months – but suggested that internet sex offenders were significantly less likely to fail in the community than child molesters in terms of all types of recidivism." (From Abstract).

*The Consumption of Internet Child Pornography and Violent and Sex Offending*, Endrass, Urbaniok, Hammermeister, Benz, Elbert, Laubacher and Rossegger, BMC Psychiatry, 9:43,

Here, as in *Colbert*, we have not the question of whether child pornography warrants a search for evidence of child molestation. The present facts present the at least intuitively stronger probable cause of searching the computer of an admitted child molester for both corroborating evidence of child molestation as well as child pornography. It would seem that the intuitive relationship between known child molestation and possessing child pornography would be stronger than the inverse, the inverse being the relationship between possessing child pornography and the possibility of subsequently molesting a child. Some research literature question that the first of these two suppositions has the stronger relationship, this being contrary to what was intuited. See Child Pornography Offenses are A Valid Diagnostic Indicator of Pedophilia cited in footnote 1. We do not know much about how strong these relationships are. The Second and the Sixth Circuit Courts of Appeals appear to differ with the Eighth and Eleventh Circuits as to the existence or at least the strength of these relationships.[2] This Court believes intuitively, from some of the literature, and from some very limited evidence from defender followup, that one who regularly views child pornography is more likely to be predisposed to child molestation than the general population. Some of the literature cited supports the proposition that the possibility of child molestation by a child pornography defendant is enhanced if the person has a prior felony offense, and further enhanced by

---

httpillwww.biomedicalcentral.com/1471-244x/9/43 (2009).

*Psychological Profiles of Internet Sex Offenders, Comparisons with Contact Sex Offenders,* Elliott, Beech, Mandeville-Norden, Hayes, SEXUAL ABUSE: A JOURNAL OF RESEARCH AND TREATMENT, Vol. 21, No. 1, 76-92 (March 2009).

[2]*Cantor, supra,* and *United States v. Haynes,* 160 Fed.Appx. 940, 944 (11th Cir. 2005)(officer's belief that probable cause of child molestation supported a search for child pornography was objectively reasonable, based on no more than "common sense.") versus *United States v. Hodson,* 543 F.3d 286, 293 (6th Cir 2008) ("[s]tanding alone, a high incidence of child molestation by persons convicted of child pornography crime may not demonstrate that a child molester is likely to possess child pornography.") and *United States v. Falso,* 544 F.3d 110 (2nd Cir. 2008)(18 year old conviction for sexual abuse of a minor did not provide sufficient basis to believe that evidence of child pornography crimes would be found in the defendant's home. Held the conviction was stale and only marginally relevant. *Falso* at 122. But the court went on regarding the inverse situation, favorably quoting FBI testimony to Congress "that the 'correlation between collection of child pornography and actual child abuse is too real and too grave to ignore." *Falso,* fn. 18 at 123).

any prior violent offense and yet further enhanced by a prior violent sexual offense. One would intuit these same enhancements. Rather than relying upon intuiting to establish or deny the strength of relationships between child pornography and child molestation, additional research would be of assistance. Common sense or intuiting can only go so far.

Given the above, there was probable cause under these facts to have had Search Warrant #1 issued in South Dakota. There was also probable cause for the issuing of Search Warrant #2 in Wisconsin.

Finally, even if there was no probable cause, suppression of the evidence would not be appropriate because the officers in each search conducted the search in objectively reasonable reliance upon the search warrants. The Court recognizes that this alternate holding is contrary to the holding of the Eleventh Circuit in *Hodson, supra* at 293, where that Court held "It is similarly unreasonable for the officer executing the warrant either to infer that nexus herself or to rely upon her own subjective knowledge to claim reasonable reliance on the warrant." The question was the nexus between child molestation and possession of child pornography. Even though all judges in *Falso* agreed that the 18 year old conviction for sexual abuse of a minor was stale did not provide probable cause for the search warrant for child pornography, Second Circuit Judges Sotomayor and Livingston held that the *Leon* good faith exception did apply, Chief Judge Jacobs dissenting. *Falso* at 128. *See United States v. Proell*, 485 F.3d 427, 430-31 (8th Cir. 2007)(explaining the *Leon* good faith exception to the exclusionary rule).

Accordingly,

IT IS ORDERED:

1. That the Magistrate Judge's Report and Recommendation, Doc. 37, is ADOPTED by the Court, and Defendant's Motion to Suppress All Digital and Physical Evidence, Doc. 23, and Defendant's Objections to the Report and Recommendation are DENIED and the evidence from the searches will not be suppressed.

Dated this 7th day of October, 2010.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Summer Wahufud
    DEPUTY